380 P.2d 145

Jackson JENKINS and Germaine Jenkins, husband and wife, Appellants,

v.

MAYFLOWER INSURANCE EXCHANGE, an Insurance corporation or business association, Appellee.

No. 6893.

Supreme Court of Arizona.

En Banc.

March 27, 1963.

Rehearing Denied May 14, 1963.

———◆———

Udall & Udall and Goldbaum, Goetz & Diamos, Tucson, for appellants.

Chandler, Tullar, Udall & Richmond, Tucson, for appellee.

JENNINGS, Justice.

Appellants were plaintiffs in a suit against defendant insurance company to collect a judgment previously obtained in a suit for personal injuries against insureds of the company. The case was submitted to the trial judge on a stipulated statement of facts and judgment was entered for the defendant. It is from this judgment that plaintiffs appeal.

Plaintiffs were passengers in a car owned by defendants-insureds. The car was being driven by John Parrott, an airman in the U. S. Air Force. Defendants-insureds were also in the car and had directed Parrott to drive. As a result of Parrott's negligent driving, the car left the road and turned over. Plaintiffs were injured.

The policy of insurance covering the car had a restrictive endorsement which read:

"It is hereby understood and agreed that the described vehicle will not be operated by any member of any of the military or naval forces of the United

States or of any other country, except the Named Insured herein and it is further agreed that no coverage shall be afforded while the described vehicle is being operated by any such operator."

The defendant company refused to defend the suit by plaintiffs against defendants-insureds on the ground that the driver Parrott was a member of the military services of the United States and that therefore, the injuries were not covered by the policy. They raise the same defense in the present suit to collect on the judgment obtained against their insured. Plaintiffs claim the restrictive endorsement is not binding on them because of certain provisions of the Financial Responsibility Law, A.R.S. § 28–1101 et seq. The policy of insurance provides:

"Financial Responsibility Laws—Coverages A and B. Such insurance as is afforded by this policy for bodily injury liability or property damage liability *shall comply with the provisions* of *the Motor Vehicle Financial Responsibility Law of any State or Province which shall be applicable with respect to any such liability* arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of Liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the exchange for any payments made by the exchange which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph." (Emphasis supplied.)

The Financial Responsibility Law defines motor vehicle liability policy as follows:

A.R.S. § 28–1170.

"A. A 'motor vehicle liability policy' as the term is used in this chapter means an owner's or an operator's policy of liability insurance, certified as provided in § 28–1168 or § 28–1169 as proof of financial responsibility, and issued, except as otherwise provided in § 28–1169, by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured.

"B. *The owner's policy of liability insurance must comply with the following requirements:*

\* \* \* \* \* \*

"2. It shall insure the person named therein *and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured,* against loss from the liability imposed by

law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles within the United States or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each motor vehicle as follows: * * *." (Emphasis supplied.)

In the trade, this provision is referred to as the "omnibus clause." If this provision has been made a part of the policy either by the policy provision or by operation of law, the defendant company is liable to the injured plaintiffs.

The California Supreme Court, in Wildman v. Government Employees' Ins. Co., 48 Cal.2d 31, 39, 307 P.2d 359, 364, refused to allow an insurance company to set up a restrictive endorsement as a defense and applied an omnibus clause substantially similar to A.R.S. § 28–1170, subd. B(2), as follows:

" 'It appears that section 415 must be made a part of every policy of insurance issued by an insurer since the public policy of this state is to make owners of motor vehicles financially responsible to those injured by them in the operation of such vehicles.' "

And, again:

" * * * said sections were intended by the Legislature to be, and are, a part of every policy of motor vehicle liability insurance issued by an insurance carrier authorized to do business in this state." 48 Cal.2d at 40, 307 P. 2d at 365.

And the California District Court of Appeals applied the principle announced in the Wildman case where an insurance company attempted to escape liability *because of the existence of the same military exclusion endorsement which is the issue in this suit*. Wheeling v. Financial Indemnity Company, 201 Cal.App.2d 36, 19 Cal. Rptr. 879, 882.

The defendant company, however, has raised a highly technical defense for which they cite much authority and which they claim distinguishes this case from the California cases. The argument goes as follows:

1. Section 28–1170, A.R.S., provides, in applicable part:

" 'A motor vehicle liability policy' * * * means an owner's or operator's policy of liability insurance, *certified* as provided in § 28–1168 or § 28–1169 as proof of financial responsibility * * * " [1] (Emphasis supplied.)

1. Secs. 28–1168 and 28–1169 provide that a certified motor vehicle liability policy is sufficient proof of financial responsibility to suspend the effect of the Financial Responsibility Law.

2. A "motor vehicle liability policy" is a term of art and has a different meaning from "automobile liability policy" or "policy of insurance."

3. A "motor vehicle liability policy" is *only* one which has been "certified" and thus the term can apply only *after* an insured has been involved in an accident.

4. The omnibus clause only is required in certified "motor vehicle liability policies."

5. This policy is not a "certified" policy and thus the omnibus clause is not made a part of the policy by the Financial Responsibility Law. In support of this argument, defendant cites Perkins v. Perkins, 284 S. W.2d 603 (Mo.App.); United States Fidelity & Guaranty Company v. Walker, 329 P.2d 852 (Okl.); McCann for Use of Osterman v. Continental Casualty Company, 8 Ill.2d 476, 134 N.E.2d 302, prior opinion 6 Ill.App.2d 527, 128 N.E.2d 624; New Zealand Insurance Company v. Holloway, 123 F.Supp. 642 (D.C.La.); McCarthy v. Insurance Company of Texas, 271 S.W.2d 836 (Tex.Civ.App.); Hoosier Casualty Company of Indianapolis, Indiana, v. Fox, 102 F.Supp. 214 (D.C.Iowa); State Farm Mutual Automobile Ins. Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16.

We concede that these cases support defendant's argument. But we have this day passed on the constitutionality of the Financial Responsibility Law and in doing so

have held that driving an automobile is a *right*, not a privilege. Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136 (March 1963). Having so held, we by necessity defined what purpose the act had so as to justify the abridgment of that right. That purpose was stated as follows:

"The Financial Responsibility Act has for its principal purpose the protection of the public using the highways from financial hardship which may result from the use of automobiles by financially irresponsible persons." 93 Ariz. at 280, 380 P.2d at 140.

And, again:

"It is well recognized that the social objective of preventing financial hardship and possible reliance upon the welfare agencies of the state is a permissible goal of police power action." 93 Ariz. at 281, 380 P.2d at 141.

And, again:

"Further, these figures have no bearing whatsoever upon whether or not this law was effective in achieving its *primary purpose*—the providing of security against uncompensated damages arising from operation of motor vehicles on our highways." (Emphasis supplied.)

Where the basis upon which this act has been declared constitutional is, "preventing financial hardship and possible reliance upon the welfare agencies," we cannot con-

stitutionally allow artful distinctions between "motor vehicle liability policy," "automobile liability policy" or "policy of insurance" to defeat the purpose of the act. To do so would make our opinion in Schecter v. Killingsworth, supra, a sham.

We hold, therefore, that the omnibus clause is a part of every motor vehicle liability policy, by whatever name it may be called.

· Reversed with directions to enter judgment for the plaintiff.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.