The **TRAVELERS INSURANCE COMPA-
NY** and The Travelers Indemnity
Company, Appellants,

v.

**Rean William McELROY, Jr.**, Appellee.

No. 20183.

United States Court of Appeals
Ninth Circuit.

March 9, 1966.

Rehearing Denied June 2, 1966.

Daniel Cracchiolo, Kramer, Roche,
Burch & Streich, Phoenix, Ariz., for ap-
pellant.

Frank Lewis, Langerman, Begam &
Lewis, Phoenix, Ariz., for appellee.

Before HAMLEY, HAMLIN and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge.

Rean William McElroy, Jr., was injured when the truck in which he was a passenger collided with an automobile. On May 20, 1963, he obtained a default judgment in an Arizona superior court for $105,000 against the driver of the truck. This judgment has remained wholly unsatisfied. McElroy filed the present action in the district court against Travelers Insurance Company (Travelers), alleging that Travelers is liable for the unsatisfied judgment under the terms of a policy of liability insurance issued to Colonial and Pacific Frigidways, Inc., (C & P), the lessee of the truck. Federal jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332 (1964).

The facts concerning the accident and the insurance policy are not in dispute. C & P, on September 10, 1962, sold Donald L. Jacobs a 1957 White Freightline Tractor on a conditional sales contract. On the same date, Jacobs and C & P entered into a lease agreement whereby Jacobs leased his newly-acquired truck to C & P. These instruments were executed in Iowa where C & P maintained offices.

Contemporaneously, Travelers issued a comprehensive automobile liability policy to C & P for the period of September 10, 1962 to September 10, 1963. The pertinent provisions of the policy are as follows:

"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, for Automobile Medical Payments and for Property Damage Liability applies with respect to all owned automobiles and hired automobiles, and the use, in the business of the named insured, of non-owned automobiles, subject to the following provisions:

" * * * The insurance with respect to any person or organization other than the named insured does not apply: * * *

"(d) with respect to any hired automobile, to the owner or any lessee of such automobile, or to any agent or employee of such owner or lessee, if the accident occurs

"(1) while such automobile is not being used exclusively in the business of the named insured. * * *

"(e) with respect to any non-owned automobile, to any executive officer if such automobile is owned by him or a member of his household; * * *."

Acting pursuant to a provision of the lease agreement, Jacobs hired Mike E. Trujeque to assist in driving the truck. Trujeque was duly approved by C & P. On December 22, 1962, Jacobs and Trujeque were in Phoenix between trips; both men maintained homes in that city and intended to spend the Christmas holiday there.

Trujeque was permitted by Jacobs to take the tractor without its trailer to his home in order to clean it. On the night of December 23, 1962, after washing the truck and having it serviced, Trujeque and appellee went in the truck to pick up Trujeque's brother. As they were returning to Trujeque's house, the accident occurred in which McElroy was injured. He was an acquaintance of Trujeque but at the time of the accident he was unknown to Jacobs.

McElroy brought suit against Trujeque and Jacobs in the Superior Court of Maricopa County, Arizona, and was awarded a default judgment against Trujeque. At the time of the appeal in this case, the state court action against Jacobs was still pending.

On December 5, 1963, McElroy filed suit in the district court of Arizona against Travelers, alleging in his complaint that Travelers, in its liability policy issued to C & P, had agreed to insure Trujeque for liability arising from the use of the truck. It was also alleged that the policy, by its terms, permitted an action based on the superior court judgment. Both parties moved for summary judgment. An order was entered on March 2, 1965, granting plaintiff's mo-

tion for summary judgment but limiting recovery against Travelers to $10,000. Travelers has appealed from the district court order; appellee has not taken a cross-appeal with regard to the amount of recovery.[1]

Travelers bases its argument for reversal primarily on the provision of the insurance policy, quoted above, which excludes coverage from hired vehicles which are not being used exclusively in the business of the named insured, C & P. Appellee does not assert that Trujeque, at the time of the accident, was using the truck "exclusively in the business" of C & P. Rather, it is urged that this provision, limiting liability, is inconsistent with the established law and policy of the state of Arizona and is therefore ineffective as a defense to this action.

In order to conform to the Arizona Safety Responsibility Act, a motor vehicle liability policy must insure the person named in the policy and any other person using the vehicle with the express or implied permission of the named insured.[2] In the insurance business, such a provision is commonly referred to as an "omnibus clause." The Arizona Supreme Court in Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145, held that the statutory omnibus clause is a part of every motor vehicle liability policy whether or not that policy has been "certified" pursuant to the state's financial responsibility laws. If the effect of the *Jenkins* decision is to incorporate the omnibus clause into the insurance policy issued by Travelers, the summary judgment in favor of appellee must be affirmed.[3]

Appellee relies upon the following statement from the *Jenkins* case:

"We hold, therefore, that the omnibus clause is a part of every motor vehicle liability policy, by whatever name it may be called." 380 P.2d at 148.

This language would appear to encompass the present case. However, Travelers contends that the court in *Jenkins* was referring only to liability policies issued to vehicle owners, and that the holding has no effect on "non-owner" policies. Travelers also points out that under the Arizona financial responsibility statutes a motor vehicle liability policy " * * * means an owner's or an operator's policy of liability insurance, * * *." A.R.S. § 28–1170 (1956). Since, Travelers argues, the policy in this case was issued to C & P as lessee of the truck, it was a

---

1. In his brief, appellee asserts that the district court erred in computing interest on the $10,000 judgment against Travelers rather than computing it on the $105,000 judgment recovered against Trujeque. In the absence of a cross-appeal *this question is not properly before us.*

2. "B. The owner's policy of liability insurance must comply with the following requirements:
   * * * * *
   "2. It shall insure the person named therein and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles * * *." A.R.S. . § 28–1170 (1956).

3. The lower court rendered no written opinion in this case. Evidently, the district court was convinced that the *Jenkins* case was applicable to this policy and that the omnibus clause extended coverage to the use of the truck by Trujeque. This explains the limitation of the award to $10,000 which is the minimum amount of coverage specified by the Arizona financial responsibility laws. In other words, Travelers was found liable under the financial responsibility laws for the statutory minimum while the policy terms were effective to preclude recovery of an amount in excess of this minimum. See A.R.S. § 28–1170, subsec. G (1956).

   Travelers contends that the lower court erred in applying the substantive law to the undisputed facts of the case. It is conceded that there is no issue of material fact underlying the adjudication. While Travelers asserts that, under the established facts, the truck-tractor was not being used exclusively in the business of the named insured, the company does not, on this appeal, contend that Trujeque was not acting with the express or implied permission of C & P at the time of the accident.

non-owner policy and hence outside the purview of the financial responsibility laws and the *Jenkins* decision.

Although the *Jenkins* case involved a policy of liability insurance issued to a vehicle owner, we believe that the rationale of that opinion applies with equal force to the facts of the present case. Our conclusion is based not only on the broad language of *Jenkins,* but also on a realistic appraisal of the terms and conditions of the conditional sale and lease-back arrangement executed by Jacobs and C & P.

The parties to the conditional sale contract agreed that the truck would be under permanent lease to C & P for the duration of the payment period—a total of thirty months. And, during this period it would be under the direction and control of the lessee, C & P; and it could not be used for the transportation of any commodity for any company or person other than C & P. Title to the vehicle was to remain in the conditional vendor until full payment of the consideration.

The simultaneously executed lease agreement provided that C & P would maintain "exclusive possession, control and use" of the truck. Also the lessor was prohibited from using the truck for transportation of his own property. C & P agreed to obtain public liability and property damage insurance for the protection of the lessor as well as C & P. C & P also assumed responsibility to the public, the shippers, and to the various state Public Service Commissions and Motor Vehicle Departments.

Jacobs or his driver was required to report his location to C & P at least once every twenty-four hours. C & P told Jacobs when and where to pick up a load and when and where to deliver it. The route to be traveled was designated by C & P and failure to sign in at various checkpoints along this route would subject Jacobs to fines. The truck remained registered and licensed in C & P's name; Jacobs' name did not appear on anything pertaining to the truck other than the lease-purchase agreement.

■ From this, it is obvious that the conditional vendee obtained no right to possession and control of the vehicle. In addition, C & P agreed to obtain liability insurance for the protection of the lessor as well as the lessee; such an agreement by C & P implies that the liability insurance so obtained will comply with the various state financial responsibility laws.[4] Under these circumstances, the policy of insurance issued by Travelers to C & P must be deemed an owner's policy within the meaning of section 28–1170 of the Arizona Revised Statutes. The *Jenkins* case is therefore applicable to conform this policy to the statutory requirements.

This construction of the term "owner's * * * policy of liability insurance" contained in section 28–1170 does not conflict with the definition of "owner" found in the definition section of the Arizona Vehicle Code. That definition provides:

" 'Owner' means a person who holds the legal title of a vehicle or, if a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate

---

4. With respect to financial responsibility laws, the policy issued by Travelers provided as follows:

"**Financial Responsibility Laws.** When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use during the policy period of any automobile insured hereunder, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

right of possession vested in the conditional vendee or lessee, the conditional vendee or lessee, or, if a mortgagor of a vehicle is entitled to possession, the mortgagor." A.R.S. § 28–130 (1956).[5]

In our case, Jacobs, the conditional vendee, was not vested with an immediate right of possession.

Other courts have found that under lease arrangements similar to the one in this case, whereby the lessee is given exclusive possession and control of the vehicle and assumes the responsibility of obtaining liability insurance, the lessee can be deemed an "owner" for purposes of insurance coverage. Powell v. Home Indemnity Co., 8 Cir., 343 F.2d 856; Continental Casualty Co. v. Transport Indemnity Co., 16 Wis.2d 189, 114 N.W.2d 137; Moore v. Palmer, 350 Mich. 363, 86 N.W.2d 585. Travelers relies on Clarke v. Harleysville Mutual Casualty Co., 4 Cir., 123 F.2d 499, but that case did not involve the elements which we find determinative in the present case—exclusive right to possession and control in the lessee, and assumption by the lessee of the obligation to provide liability insurance.

Section 28–1172, subsec. B is cited by Travelers in support of its argument that the Arizona financial responsibility requirements are not applicable in this case. That statute provides:

"B. This chapter shall not be held to apply to or affect policies insuring *solely* the insured named in the policy against liability resulting from the maintenance or use by persons in the insured's employ or on his behalf of motor vehicles not owned by the insured." (Emphasis added.)

■ The short answer to this contention is that the policy issued by Travelers did not insure C & P "solely" against liability arising from the use of non-owned vehicles. Coverage under C & P's policy extended to owned, hired, and non-owned vehicles; and the definition of the "insured" contained in the policy includes, with some exceptions, those using the vehicle with the permission of C & P. It was a comprehensive automobile liability policy which did not restrict coverage solely to C & P and non-owned automobiles.

■■ The principal purpose of the Arizona financial responsibility laws is to protect the public using the highways from financial hardship resulting from the use of vehicles by financially irresponsible persons. Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136, 140. It would be inconsistent with this policy and with the spirit of Jenkins v. Mayflower Insurance Exchange, to hold that a lessee of a vehicle who has the exclusive right to possession and control, and who has assumed the burden of providing liability insurance, need not conform to the financial responsibility laws. We therefore hold that the policy issued by Travelers to C & P was an owner's policy within the meaning of section 28–1170, and extended coverage to any use of the truck with the express or implied permission of C & P.

It is unnecessary to review the arguments of the parties concerning whether or not C & P was, in fact, the sole owner of the truck. It is sufficient that C & P, by virtue of the terms of the sale and lease-back agreements, obligated itself to conform to the Arizona financial responsibility laws in the same manner as a vehicle owner.

■ Travelers argues that appellee is bound by the fact that in the complaint in his damage action against Trujeque, he alleged that the truck-tractor was owned by Jacobs, and that a default judgment was obtained. In our view the question of whether Jacobs was the owner of the truck-tractor was not critical in the

5. No Arizona decisions have been called to our attention which define either the word "owner" or the term "owner's policy of liability insurance" as used in the Arizona Motor Vehicle Code.

damage suit and the default judgment is therefore not an adjudication on that matter binding in this action by appellee against Travelers.

Affirmed.