424 P.2d 465

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Missouri corporation, Appellant,**

v.

**DAIRYLAND MUTUAL INSURANCE COMPANY, a Wisconsin corporation, Appellee.**

**I CA–CIV 330.**

Court of Appeals of Arizona.

March 1, 1967.

Rehearing Denied April 18, 1967.
See 5 Ariz.App. 296, 425 P.2d 866.

Review Granted May 9, 1967.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph Hunsaker, Phoenix, for appellant.

Minne & Sorenson, by George Sorenson, Jr., Phoenix, for appellee.

CAMERON, Chief Judge.

This is an appeal from a summary judgment in favor of the defendant in the Superior Court of Maricopa County. The matter was submitted to the trial court upon a stipulated statement of facts and both parties moved for summary judgment.

We are asked to answer the following questions:

1. Is a garage keeper's exclusion in an insurance policy effective under the case of Jenkins v. Mayflower, 93 Ariz. 287, 380 Pac.2d 145 (1963), to prevent liability when an employee of the garage has permission from the owner to drive the car and does so negligently?

2. If the exclusion is not effective under Jenkins v. Mayflower, supra, which insurance carrier, the owner's insurance company or the garage keeper's insurance company is primarily liable for the negligent operation of the automobile by the garage keeper's agent?

The following facts are necessary for a proper consideration of this case. Justine Meyers was insured by the defendant, Dairyland Mutual Insurance Company, hereinafter referred to as Dairyland. Her policy of insurance contained the following provision:

"III. DEFINITION OF INSURED

"(a) * * * The insurance with respect to any person or organization other than the named INSURED or such spouse does not apply to any person or organization, or to *any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage* or public parking place, with respect to any accident arising out of the operation thereof * * *." (emphasis ours)

Justine Meyers delivered the automobile to one Eugene Jones, an employee of Fletcher-Jones automobile company, in order that he might drive the car to the company's garage for repairs. An accident occurred en route due to the alleged negligent driving of Eugene Jones and suit was brought against him and Fletcher-Jones. Plaintiff, Universal Underwriters, hereinafter referred to as Universal, defended said action after requesting that Dairyland appear and defend, which request Dairyland refused. Universal, after satisfying judgment in the amount of some $30,000, received an assignment from Fletcher-Jones and Eugene Jones of all their rights against Dairyland Mutual, and brought suit against Dairyland for the amount of the judgment. Universal sought indemnification for the whole amount of the prior judgment or in the alternative for $10,000, the maximum limit of Dairyland's liability under the policy with Justine Meyers. From the court's order granting defendant Dairyland's motion for summary judgment and denying Universal's similar motion, Universal appeals.

## DOES JENKINS v. MAYFLOWER APPLY?

We cannot consider this matter without first considering the case of Jenkins v. Mayflower, 93 Ariz. 287, 380 P.2d 145 (1963). In Jenkins v. Mayflower, supra, the defendants, insured of the Mayflower Insurance Exchange, held a policy of insurance covering their automobile which had the following restrictive endorsement:

"It is hereby understood and agreed that the described vehicle will not be operated by any member of any of the military or naval forces of the United States or of any other country, except the Named Insured herein and it is further agreed that no coverage shall be afforded while the described vehicle is being operated by any such operator."

Defendant-insured's automobile was being operated by a member of the military services of the United States at the time of an accident, and therefore defendant, Mayflower Insurance Exchange, denied coverage. The Arizona Supreme Court in that case pointed to the so-called "omnibus clause" of the Financial Responsibility Law which reads in part as follows:

"B. The owner's policy of liability insurance must comply with the following requirements: * * *

"2. It shall insure the person named therein and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured, against loss

from the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles within the United States or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each motor vehicle as follows: * * *" 28–1170 A.R.S.

The Supreme Court in discussing this provision went on to say:

> "We hold, therefore, that the omnibus clause is a part of every motor vehicle liability policy, by whatever name it may be called." Jenkins v. Mayflower, supra, 93 Ariz. at 291, 380 P.2d at 148.

In the instant case the trial court rejected the contention of Dairyland that the exclusionary provision of Dairyland's policy which excluded coverage under the policy to "any agent or employee thereof operating an automobile * * * repair shop" was void under the omnibus clause as set forth in Jenkins v. Mayflower, supra. The court below stated:

> "The fault of this argument lies in the assumption by Universal that the Jenkins case invalidated all exclusionary clauses. It is the opinion of this court that the exclusionary clause involved herein is a valid provision of the insurance policy contracted for by the Dairyland with its insured. The Jenkins vs Mayflower decision, 93 Ariz. 287, 380 Pac.2d 145, did not declare all such exclusionary clauses null and void. It merely rendered these clauses as inoperative when raised as a defense by an insurance company against an injured plaintiff."

While we do agree with the trial court that Jenkins v. Mayflower, supra, did not invalidate all exclusionary clauses, we do not agree that Jenkins v. Mayflower, supra, "merely rendered such exclusionary clauses inoperative when raised as a defense by an insurance company against an injured plaintiff." Our Supreme Court held that the omnibus clause (28–1170 A.R.S.) was a part of every motor vehicle liability policy and did not restrict this to situations where-

in the company was asserting a defense against a suit by an injured plaintiff. In the instant case the garage keeper's exclusion was in conflict with the statute and therefore the said exclusion was invalidated by the statute (28–1170 A.R.S.) and Jenkins v. Mayflower, supra.

It is the contention of the appellee that Jenkins v. Mayflower, supra, is based on the court's concern for the protection of the public from uninsured motorists and where the public is adequately protected, as in the instant case, Jenkins v. Mayflower, supra, does not apply. With this we do not agree. Admittedly, part of the rationale of the court in both Jenkins v. Mayflower, supra, and Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136 (1963), decided the same day, indicated the concern of our Supreme Court that the public should be protected from the uninsured motorist. But the holding in Jenkins v. Mayflower, supra, states that the omnibus clause, 28–1170 A.R.S., is a part of every insurance policy and where there are conflicting provisions as here the statute shall prevail.

We therefore hold that Jenkins v. Mayflower, supra, applies herein where the garage keeper's exclusion is in conflict with the statute and where the garage keeper is also covered by insurance under the statute.

## WHICH COMPANY IS PRIMARILY LIABLE?

In the instant case both parties are insured and we have a question not of coverage or non-coverage but rather a question of primary and secondary liability, and it is the opinion of this Court that as to the two insurance carriers Universal had primary liability arising out of the accident and Dairyland Mutual Insurance Company had secondary liability. The reason is obvious in that the active negligence, the negligence which caused the accident, was occasioned by Universal's insured while Dairyland's insured can be guilty at most of only passive negligence in turning the automobile over to Eugene Jones for delivery

to the garage for repairs. As was stated by our Supreme Court:

"It will be observed that the Buffet owed a positive legal duty to Ferrell to keep the passageway reasonably safe for his use in making deliveries of beverages to it. So long however as the trap door was closed the basement beneath the passageway constituted no actual peril whatever. It was only when the trap door was open and inadequately guarded by failure to place proper barricades on each side of the opening, or something equally effective, that the actual danger to Ferrell was created. The Buffet was guilty of no active fault in creating the danger to Ferrell. Its negligence was passive or static. Its negligence was incapable of producing injury to anyone at that time except through the active negligence of another. Pastis, in opening the trap door and leaving it unguarded, was the immediate cause of Ferrell falling through the opening and sustaining the injuries which form the basis of this litigation.

"It will be further observed that the liability of the Buffet to Ferrell is based upon an entirely different kind or character of the wrong than that of Pastis. The liability of the Buffet is based upon its positive legal duty to Ferrell to maintain the passageway in a reasonably safe condition for his use. It did not actively participate in the wrong which was the immediate cause of the injury to Ferrell. It was Pastis, a co-tenant with the Buffet, who, acting independently and without the knowledge of the Buffet, primarily caused the injury to Ferrell. It was his act in opening the trap door to the basement and leaving it unguarded which rendered the passageway unsafe for the use of Ferrell. His act did more than render it unsafe, it rendered it highly dangerous. It constituted gross and wilful negligence for which he was liable to Ferrell either as an invitee or as a licensee. There was no dispute in the evidence on this point and reasonable men could draw no other inference from his

act. Scott v. Scott, 75 Ariz. 116, 252 P.2d 571.

"In the light of these facts Pastis became primarily liable to Ferrell for the injuries he sustained and the Buffet is only secondarily liable. (citations omitted) In the latter case the court points out the different factual situations in which the issue of primary and secondary liability may arise as between joint tort feasors." Busy-Bee Buffet v. Ferrell, 82 Ariz. 192, 197, 198, 310 P.2d 817 (1957).

The liability of the two insurance companies is derivative and the negligence of Universal's insured's being the active negligence, Universal is primarily liable. Since Dairyland's insured, Justine Meyers, was at most passively negligent, her (and Dairyland's) liability would be secondary.

Dairyland further contends that the assignment of Fletcher-Jones' interest to Universal for suit was either invalid or passed no right upon which Universal could base a suit against Dairyland. Having determined that Universal was primarily liable and Dairyland secondarily liable, we need not answer this question.

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.