102 Ariz. 518 (1967)
433 P.2d 966
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Missouri corporation, Appellant,
v.
DAIRYLAND MUTUAL INSURANCE COMPANY, a Wisconsin corporation, Appellee.
No. 8999-PR.
Supreme Court of Arizona, In Banc.
November 24, 1967.
Rehearing Denied January 9, 1968.
*519 O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, and Ralph E. Hunsaker, Phoenix, for appellant.
Minne & Sorenson, Phoenix, for appellee.
STRUCKMEYER, Justice.
Thomas Nugent, Jr., sustained injuries as the result of an automobile accident in which his vehicle was struck by a vehicle owned by one Justine Meyer. The Meyer vehicle was then being operated and was under the control of Eugene Jones, an employee of Fletcher Jones Phoenix, a corporation, which had possession for the purpose of making repairs.
Meyer carried a policy of automobile casualty insurance with the Dairyland Mutual Insurance Company. The coverage included any person using the vehicle with permission of the insured. Dairyland, however, refused to defend the subsequent lawsuit. Universal Underwriters, a stock insurance company, insured Fletcher Jones Phoenix. It undertook the defense and, after judgment, settled the lawsuit. The present action is by Universal Underwriters against Dairyland to recover the amount of judgment, plus attorney fees and defense costs. The trial court rendered judgment for Dairyland and, on appeal, the Court of Appeals affirmed. 5 Ariz. App. 174, 424 P.2d 465; 5 Ariz. App. 296, 425 P.2d 866. Opinions of the Court of Appeals vacated.
Dairyland's policy provided that it did not apply "to any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, * * * with respect to any accident arising out of the operation thereof * *." From this, Dairyland argues that there was *520 no coverage afforded at the time of the accident since the vehicle was being driven by an employee of Fletcher Jones Phoenix. In Jenkins v. Mayflower, 93 Ariz. 287, 380 P.2d 145, we held that the omnibus clause, A.R.S. § 28-1170, subsec. B, ¶ 2, is a part of every automobile liability policy in Arizona and that such exclusionary clauses are invalid and void. See also Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98; and Dairyland Mutual Insurance Co. v. Andersen, 102 Ariz. 515, 433 P.2d 963 (opinion filed this day).
Universal's policy provided that the insurance afforded non-owned vehicles "shall be excess insurance over any other valid and collectible insurance * * *." We have examined the provisions of the two policies and are satisfied that they are not in conflict nor are their terms inconsistent. By the express words of the Universal policy, it assumed no liability until the insurance afforded by the Dairyland policy was exhausted. The principle found controlling in Dairyland Mutual Insurance Co. v. Andersen, supra, is applicable to the determination of this appeal.
Dairyland's policy limits are $10,000 for each individual injured and $20,000 for each accident. Universal argues that when Dairyland failed to defend and pay the judgment it was guilty of bad faith toward its insured (Meyer), that under the circumstances Dairyland should be liable for the entire $30,000 which Universal paid to compromise and satisfy the judgment. We do not think so. Without doubt Dairyland owed good faith to its insured, which may or may not have been here exercised, a question we find unnecessary to answer. There is no privy of contract between these two insurance companies nor is there any principle of law of which we are aware that would give Universal such a windfall because of Dairyland's mistreatment of its assured. The principle applicable is that, where two companies insure the same risk and one is compelled to pay the loss, it is entitled to contribution from the other. 8 Appleman, Insurance Law and Practice 388, § 4913.
The judgment of the superior court is reversed and the cause is remanded with instructions to enter judgment against Dairyland and in favor of Universal Underwriters in the sum of $10,000, together with interest from date of payment by Universal to Nugent, together with attorney fees and other defense costs.
BERNSTEIN, C.J., and McFARLAND, UDALL and LOCKWOOD, JJ., concur.