**NATIONAL UNION FIRE INSURANCE CO., Plaintiff-Appellant,**

v.

**ST. PAUL FIRE AND MARINE INSUR-ANCE CO., Defendant-Appellee.**

No. 24498.

United States Court of Appeals, Ninth Circuit.

Aug. 17, 1971.

Murphy, Vinson & Hazlett, Tucson, Ariz., for plaintiff-appellant.

Spaid, Fish, Briney & Duffield, Tucson, Ariz., for defendant-appellee.

Before HAMLIN, BROWNING and TRASK, Circuit Judges.

TRASK, Circuit Judge:

This is a direct appeal from a judgment that determined that St. Paul Fire and Marine Insurance Co. (St. Paul) was not liable to National Union Fire Insurance Co. (National Union) in a controversy involving coverage of their respective automobile liability policies. Jurisdiction below rested on diversity of citizenship, 28 U.S.C. § 1332. The appeal is before us as one from a final judgment, 28 U.S.C. § 1291.

Mrs. Dorothy Daly was involved in an accident while she was driving an automobile with her husband's consent which had been leased by him from ORMCO Leasing Corporation (ORMCO), a company engaged in the business of leasing motor vehicles. Mrs. Daly's husband was insured by National Union under a General Automobile Comprehensive Liability Policy. ORMCO was insured by St. Paul under a Multiple Coverage Policy. As a result of the accident, a suit for personal injuries was instituted by two third parties against the Dalys. National Union defended the suit and settled it for $35,000 with costs of $3,680. This action was filed by National Union to recoup its loss from St. Paul.

ORMCO leased the automobile, a 1964 Cadillac four-door sedan to Robert R. Daly, d. b. a. Slip Form Power Co., for a term of two years. The lease was a comprehensive printed "Motor Vehicle Lease Agreement" giving the lessee exclusive possession of the motor vehicle during the period conditioned upon a number of mutual covenants. Number eight provided that Daly should at his own expense secure and maintain standard automobile insurance policies providing public liability coverage as well as insurance against property damage and fire, theft and comprehensive coverage for the full value of the vehicle. It further required Daly before taking possession to furnish ORMCO with a Certificate of Insurance evidencing compliance with the insurance provision.

Daly did obtain a General Automobile Comprehensive Liability Policy from National Union which provided the coverage required by the lease agreement and furnished ORMCO with a Certificate of Insurance which so stated.

The basis of National Union's claim against St. Paul was that under Arizona Revised Statutes § 28–324 an owner engaged in the business of renting motor vehicles without a driver is required to procure public liability insurance with an insurance company approved by the state insurance department insuring the *renter* against liability and property damage arising from his negligent operation in the amount of $5,000–10,000 for public liability and $1,000 for property damage.

Appellant also asserts that because ORMCO is the legal owner of the vehicle, it falls within the provisions of Arizona Revised Statutes § 28–1170 which is a part of the Arizona Safety Responsibility Act. This section defines an "owner's policy" under that Act and requires that such a policy must contain as one of its provisions an omnibus clause which extends the policy coverage to any person driving the automobile with the owner's express or implied consent.[1] Ap-

1. "A. A 'motor vehicle liability policy' as the term is used in this chapter means an owner's or an operator's policy of liability insurance, * * * issued * * * by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured.

"B. The owner's policy of liability insurance must comply with the following requirements:

"1. It shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted.

"2. It shall insure the person named therein and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or

pellant then relies heavily upon the decisions of the Arizona Supreme Court which hold that any attempt by the insurer to restrict or limit the application of the statutory omnibus clause is invalid and void. Rocky Mountain Fire Casualty Co. v. Allstate Insurance Co., 485 P.2d 552 (May 27, 1971, Arizona Supreme Court); Universal Underwriters Insurance Co. v. Dairyland Mutual Insurance Co., 102 Ariz. 518, 433 P.2d 966 (1967); Dairyland Mutual Insurance Co. v. Andersen, 102 Ariz. 515, 433 P.2d 963 (1967); Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145 (1963).

On the basis of that law National Union then relates its contentions to the facts of this case. ORMCO is in the business of renting automobiles and it therefore comes within Arizona Revised Statutes § 28–324 and must procure a policy insuring the renter; in addition, it argues that since ORMCO is also the owner of the legal title it must provide an owner's policy under the Safety Responsbility Act, and that this policy which is the St. Paul policy must contain the statutory omnibus clause under Section 28–1170, *supra,* extending the St. Paul coverage to Daly. Thus, urges appellant, ORMCO is required to furnish coverage under two different statutory provisions, Arizona Revised Statutes § 28–324 and Arizona Revised Statutes § 28–1170. Since it did this by procuring two policies, the interpretation of the "other insurance" clauses in each results in imposing primary liability on ORMCO's St. Paul policy and relieving National Union of all liability because its coverage is only excess.

The appellee, St. Paul, contends that the policy which National Union wrote to cover Daly's liability was an "owner's policy of liability insurance" within the

provisions of Arizona Revised Statutes § 28–1170, because a lessee under a lease arrangement similar to this can be "deemed to be an owner" for purposes of insurance coverage. Travelers Insurance Co. v. McElroy, 359 F.2d 529, 533 (9th Cir. 1966). As an additional argument it contends that the Arizona Safety Responsibility Act is inapplicable because it does not purport to determine a question such as exists here where the owner-lessor required the procurement of independent insurance coverage by the lessee-operator under the terms of a formal written lease agreement. The district court decided the question in favor of the appellee, and we affirm.

In order for appellant to construe the policy provisions of the St. Paul policy covering ORMCO and the National Union policy covering lessee Daly in such a way as to say that the St. Paul coverage is primary and National Union is excess only, it is first necessary to show that both policies cover the same risk, i. e., lessee Daly. Then the "other insurance" clauses of each policy come into play and the game of policy semantics begins. The first step to this end is to urge that ORMCO is an "owner" and therefore ORMCO must obtain an "owner's policy" and that owner's policy under Arizona Revised Statutes § 28–1170 must contain a statutory omnibus clause (§ 28–1170, subsec. B, par. 2, as amended) extending the policy coverage to any person using the motor vehicle with the express or implied permission of the named insured. The named insured in this owner's policy is ORMCO and Daly is a permissive user by virtue of the lease agreement. Thus ORMCO's St. Paul policy must cover Daly. If ORMCO is subject to Arizona Revised Statutes § 28–1170, the first step has been completed and the legal consequences of the impressive array of

use of the motor vehicle or motor vehicles within the United States or the Dominion of Canada subject to limits exclusive of interest and costs, with respect to each motor vehicle as follows:

"(a) Ten thousand dollars because of bodily injury to or death of one person in any one accident.

"(b) Subject to the limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident.

"(c) Five thousand dollars because of injury to or destruction of property of others in any one accident." Ariz.Rev. Stats.Ann. § 28–1170 (1971 Supp.).

Arizona decisions interpreting that section follow, since this is a diversity case and this court will follow state law.

Here ORMCO is a particular kind of owner for whom the Arizona Legislature has enacted express requirements for doing business. ORMCO is an owner "engaged in the business of renting" motor vehicles without drivers and is governed by Arizona Revised Statutes § 28–324.[2] This section states that such an owner must procure public liability insurance with certain limits (which at the date of this occurrence appeared to be different than the § 28–1170 limits) and with specified provisions. It provides in subsection B certain liabilities for failure to comply which appear to differ considerably from those in the Safety Responsibility Act. Subsection C has its own omnibus provision which appears to be as comprehensive as to renters as Section 28–1170 does as to owners. The entire section is a part of the Motor Vehicle Registration section as Chapter 3 of the Title, "Motor Vehicles," while the "Uniform Motor Vehicle Safety Responsibility Act," which contains Section 28–1170, as amended, is in Chapter 7 of the Title. Although Section 28–324 is consistent with the basic public policy described in Jenkins v. Mayflower Insurance Exchange, supra, "to provide protection for the public using the highways from financial hardship which may result from the use of automobiles by financially irresponsible persons," it is not a part of the Safety Responsibility Act and contrariwise, Section 28–1170, as amended does not control ORMCO as an owner "engaged in the business of renting" under Section 28–324.

The significance of all of this is that neither section requires ORMCO to have a policy of automobile liability insurance with an omnibus provision extending its coverage to Daly for his rental car. Nor have we found any decisions of the Supreme Court of Arizona which so decide. Section 28–324 does require ORMCO to see to it that the renter is covered by automobile liability insurance as the section describes. Conceivably ORMCO could have done this by causing such a provision to be included in its own policy; it could have done it by procuring an independent policy and either holding the policy or delivering it to Daly; it could pos-

2. "A. No owner engaged in the business of renting, or who intends to rent, a motor vehicle without a driver, shall be permitted to register the motor vehicle until he has procured public liability insurance with an insurance company approved by the insurance department of this state insuring the renter thereof against liability arising from his negligence in the operation of the rented vehicle in an amount of not less than five thousand dollars for any one person injured or killed and ten thousand dollars for any number more than one injured or killed in any one accident, and against the liability of the renter for property damage in the amount of not less than one thousand dollars for any one accident, or until the owner has furnished the division satisfactory proof of his ability to respond in damages in the amount of ten thousand dollars when but one motor vehicle is registered, and five thousand dollars for each additional motor vehicle. Proof of ability to respond in damages in the amount of one hundred thousand dollars shall be sufficient for any number of motor vehicles. The policy of insurance required by this subsection shall cover any liability of the renter to any passenger in the rented motor vehicle unless the owner gives the renter a written notice that the policy does not cover such liability. The division shall cancel the registration of a motor vehicle rented without a driver when the owner has failed to comply with this section.

"B. The owner of a motor vehicle who rents it to another without a driver, otherwise than as a bona fide transaction involving sale of the vehicle, without having procured the required public liability insurance, shall be jointly and severally liable with the renter for damage caused by the negligence of the renter operating the motor vehicle.

"C. 'Renter' as used in this section includes any person operating a motor vehicle with permission of the person who has rented it.

"D. The owner of a motor vehicle, who, without having first complied with this section, rents a motor vehicle without a driver, otherwise than as a bona fide transaction involving the sale of the motor vehicle, is guilty of a misdemeanor." Ariz.Rev.Stats.Ann. § 28–324.

sibly have done it in other ways. It did in this case procure it by the provision in the rental agreement.

We then turn to ORMCO's policy with St. Paul to determine whether the policy itself extends coverage to Daly. Again we find that it does not. An examination of the policy discloses that there is a particular insuring agreement covering automobiles leased to others. It protects ORMCO only if that company's liability under § 28–324 is not covered by specific insurance on the leased vehicle because of errors or omissions or by invalid or insufficient insurance.[3] None of these contingencies exists in this case. Hence the St. Paul policy does not extend coverage either by statute, decision or policy provisions, to Daly. That being so, there is no "other insurance" in existence on this record to which National Union can look to make its own coverage participating, pro-rata or excess. It has the entire responsibility which from the facts appears to have been the intention of all of the parties from the beginning.

Nor do we see our decision here as being in conflict with Travelers Insurance Co. v. McElroy, 359 F.2d 529 (9th Cir. 1966). In that case Travelers issued its policy of automobile liability insurance to the lessee of a truck. The policy provided coverage for all owned automobiles and also to all "hired" automobiles (as was the case of the lessee of this particular vehicle) except that the policy attempted to engraft a limitation on the coverage by providing that the hired automobile provision applied only if the vehicle was being used exclusively in the business of the insured. It was asserted as a defense by the insurer that the vehicle was not being used exclusively in the business of the lessee and thus the policy limitation applied. Following *Jenkins, supra,* the court declined to enforce the attempted limitation. The fact situation in Travelers would be the same if National Union were called upon to pay the judgment here as the only company whose policy could apply and National Union would defend upon the ground that the automobile was not being used for a business purpose when being operated by Mrs. Daly. In *Travelers* there was no claim against any policy of the lessor as there was in the case now before the court, and thus no problem of interpreting the "other insurance" clause or of deciding which of two policies was primary and which was secondary.

The Travelers policy clearly applied to provide coverage to the lessee and there was no attempt to resort to Section 28–324 to write into the policy a provision applying to a lessor. The only problem was whether an attempted policy limitation or exclusion in the lessee's policy prevented the application of the coverage to the facts of this risk. The application of Section 28–324 was not raised. Neither was the inapplicability of Section 28–1170 to one who was engaged in the business of renting automobiles, because the lessor and his policy was not before the court as was ORMCO here.

The judgment is affirmed.

---

3. The ORMCO policy written by St. Paul specifically excludes coverage with respect to "any automobile leased or rented to others by the insured."

It thereafter in a special insuring agreement entitled "Leased Automobiles Errors and Omissions" provides in its pertinent provisions:

"Coverages A and B [bodily injury liability and property damage liability] apply only if the insured is not covered by specific insurance because of errors or accidental omissions. *in effecting, re-* *quiring to be effected or maintaining* *specific insurance* during the time any or all automobile lease agreements are in effect and which error or omission results in no specific insurance or in invalid or insufficient insurance." (Emphasis supplied.)

"Specific Insurance. Wherever the term 'specific insurance' *is used in this* form it shall mean any insurance other than Errors and Omissions insurance on leased automobiles."