595 P.2d 186

**HIGHLANDS INSURANCE COMPANY, a Foreign Corporation, and Anthony Industries, Inc., a Foreign Corporation, Plaintiffs / Counterdefendants / Appellees,**

v.

**Geary N. FISCHER and Susan Fischer, husband and wife, Defendants/Counterclaimants/Appellants.**

No. 2 CA–CIV 2976.

Court of Appeals of Arizona, Division 2.

Feb. 6, 1979.

Rehearing Denied March 21, 1979.

Review Denied April 17, 1979.

---

Lesher, Kimble & Rucker, P. C. by Monte C. Clausen, Tucson, for plaintiffs/counter-defendants/appellees.

Law Offices of Paul G. Rees, Jr., P. C. by Paul G. Rees, Jr., Tucson, for defendants/counterclaimants/appellants.

## OPINION

HATHAWAY, Judge.

This appeal attacks a judgment awarding appellee insurance company, the subrogee of its insured's contract claim against appellants, $11,462.00 and appellee dealer, insurance company's insured, $250 against appellants (hereinafter borrowers). We affirm.

Dealer and borrowers entered into a borrowed car agreement when borrowers left their motor home with dealer for repairs and took a substitute vehicle. The agreement provided:

"(4) Borrower agrees that while this Agreement is in force he will preserve and protect the subject automobile from loss or damage in the manner prescribed below.

\* \* \* \* \* \*

(6) Borrower agrees that . . . in the event of loss or destruction of said automobile . . . or inability to return same to Dealer on demand for any reason whatsoever, Borrower will pay Dealer the market value of the automobile . . unless otherwise specified.

\* \* \* \* \* \*

(12) Borrower agrees that he will, at his sole risk and expense, maintain Bodily Injury and Property Damage Liability Insurance covering the use of subject automobile during the time it is in his possession and until it is returned to the Dealer. Dealer shall not be required to carry or provide Bodily Injury or Property Damage Liability Insurance during said period of time."

Borrowers, without fault, were involved in a single car accident that destroyed the vehicle. A damage appraisal itemizing repair costs of $11,712.70 was admitted into evidence. No other evidence of the market value of the vehicle was admitted.

Borrowers impleaded their insurer in this action. The insurer's motion for summary judgment was granted because the insurance did not cover the loss. Dealer maintained with appellee collision applicable to this loss. It collected the amount of the appraisal less the $250 deductible.

■ Where an insured contracts with a third party requiring the latter to pay for loss or damage to insured property, upon payment of the loss the insurer is subrogated to the rights of the insured under the contract. Couch on Insurance (Second) Sec. 61:144 (1966). Appellants counter with the claim that the insurer's subrogation rights are inapplicable to them because as additional insureds no right of subrogation arises. Id., Sec. 61:134.

We find no basis for appellants' claimed status as additional insureds. Dealer's collision coverage limits coverage to the named insured. That the policy extends coverage to vehicles when rented as substitutes for vehicles left with dealer for repairs does not mean appellants are insureds under the policy. Nor must the collision policy extend omnibus coverage under A.R.S. Sec. 28–1170(B)(2). Under the statute, omnibus coverage is an implied term in liability policies not in collision policies. See *Jenkins v. Mayflower, Ins. Exchange,* 93 Ariz. 287, 380 P.2d 145 (1963). Moreover, subsection (c) applies to the destruction of "property of others," A.R.S. Sec. 28–1170(B)(2)(c). In this context, the property referred to is property owned by someone other than the named insured.

■ Appellants also argue that because dealer recovered the amount of estimated damages less the $250 deductible, insurer's claim as subrogee is limited to the $250 unrecovered by dealer. Payment to the insured by the insurer is no defense to the subrogation claim for the obvious reason that it is by the making of such payment that the insurer's right of subrogation arises. Couch on Insurance, supra, Sec. 61:216.

■ Appellee insurer is therefore subrogated to dealer's contractual claim against borrowers. As subrogee, the insurer succeeds to the rights of the insured. Couch on Insurance, supra, Sec. 61:34. Under Clause 6 of the agreement, if the vehicle is destroyed, the borrowers are obligated to pay dealer the market value of the vehicle. At trial, appellants did not contest the adequacy of the repair appraisal as evidence of the vehicle's market value, nor did they raise the issue in their brief. Failure to raise an issue constitutes a waiver of that issue. *Van Loan v. Van Loan,* 116 Ariz. 272, 569 P.2d 214 (1977). Appellants stipulated that insurer actually paid the amount of the appraisal less $250 to dealer. Insurer is entitled to recover that amount under the contract. Dealer is entitled to recover the $250.

Judgment is affirmed.

RICHMOND, C. J., and HOWARD, J., concurring.