97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger P. QUINNAN, a single man, Plaintiff-counter-defendant-Appellant,
v.
NEW HAMPSHIRE INSURANCE COMPANY, a Pennsylvania corporation;
Lexington Insurance Company, a foreign
corporation,
Defendants-counter-claimants-Appellees.
 No. 95-15338.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1996.
Decided Sept. 5, 1996.
 
 1
 Before: REINHARDT and HALL, Circuit Judges, and MERHIGE, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Roger P. Quinnan ("Appellant") appeals the district court's order granting summary judgment for New Hampshire Insurance Company ("New Hampshire") and Lexington Insurance Company ("Lexington") (collectively "Appellees"). We REVERSE and REMAND.
 
 I.
 
 4
 This action arises out of a 1991 automobile accident in which Appellant was forced off the road by an uninsured motorist near Bullhead City, Arizona. Appellant was driving his own pickup truck, but was operating the truck in the scope of his duties as the controller of CTI, Inc. ("CTI"), an Arizona corporation.
 
 
 5
 At the time of the accident, CTI was covered by a vehicular insurance policy issued by New Hampshire (the "New Hampshire Policy"). The policy included liability coverage of $1,000,000. CTI was also covered by an umbrella insurance policy issued by Lexington (the "Lexington Policy"). This policy included $9,000,000 in coverage for vehicular liability claims in excess of the $1,000,000 coverage included in the New Hampshire Policy. Both policies were sold to CTI through the agency of Lovitt & Touche, Inc. ("Lovitt & Touche").
 
 
 6
 Appellant received the policy limits of $250,000 under the uninsured motorist (UM) coverage of his own personal vehicular liability policy. He then brought this action in the Arizona state court seeking additional UM coverage under both the New Hampshire and Lexington policies. New Hampshire removed the case to the United States District Court for the District of Arizona.
 
 
 7
 Appellant's complaint sought UM coverage under Appellees' insurance liability policies and alleged three claims: (1) breach of contract; (2) breach of duty of fair dealing and good faith; and (3) breach of fiduciary duty. Appellees contended that Appellant was not an "insured" within the meaning of their policies, and therefore, counterclaimed seeking a declaration of non-coverage. On cross-motions for summary judgment, the district court determined that Appellant was not an "insured" under the New Hampshire Policy. Therefore, the district court concluded that he had no right to UM coverage under either the New Hampshire Policy or the umbrella policy issued by Lexington. Accordingly, summary judgment was entered in favor of Appellees on November 18, 1994. On November 28, 1994, Appellant filed post-judgment motions asking the district court to reconsider its Order.[1] These motions were denied in an Order dated January 25, 1995. On February 17, 1995, Appellant filed a timely appeal to the district court's grant of summary judgment.
 
 II.
 
 8
 We review a district court's grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996); Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 9
 Arizona's Uniform Motor Vehicle Safety Responsibility Act (the "Act"), as codified at A.R.S. § 28-1170, et seq., was enacted with the primary purpose of providing "security against uncompensated damages arising from operation of motor vehicles on [Arizona's] highways." Schecter v. Killingsworth, 93 Ariz. 273, 285, 380 P.2d 136, 144 (1963). Under the Act, any individual who, with the permission of the named insured, drives a vehicle covered under a vehicular liability policy, is an insured under that policy. See Hagen v. U.S. Fidelity and Guaranty Insurance Co., 138 Ariz. 521, 526, 675 P.2d 1340, 1345 (Ct.App.1983) ("s 28-1170(B)(2) mandates that a policy of motor vehicle liability insurance insure both the named insured and the permissive driver of the insured vehicle"). Section 28-1170(B) states in relevant part:
 
 
 10
 B. [An] owner's policy of liability insurance must comply with the following requirements:
 
 
 11
 1. It shall designate by explicit description or by appropriate reference all motor vehicles [covered] ...
 
 
 12
 2. It shall insure the person named in the policy as the insured and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles ..., with respect to each motor vehicle as follows:
 
 
 13
 (a) Fifteen Thousand dollars because of bodily injury to or death of one person in any one accident.
 
 
 14
 Ariz.Rev.Stat. § 28-1170 (1991) (emphasis added). Appellant argues that he is entitled to full coverage under the New Hampshire Policy, because he meets all the requirements for § 28-1170(B) and is not exempted from the Act by § 28-1172(B). We agree.
 
 
 15
 In order for Appellant to be an "omnibus insured" by operation of § 28-1170(B)(2), four separate requirements must be met:
 
 
 16
 (1) Appellant's truck must have been an insured vehicle under the liability coverage of the New Hampshire Policy;
 
 
 17
 (2) Appellant must have been a "permissive" user of the truck;
 
 
 18
 (3) The New Hampshire Policy must have been an "owner's policy; and
 
 
 19
 (4) A.R.S. § 28-1172(B) must not exempt the New Hampshire Policy from the requirements of A.R.S. § 1170(B).
 
 
 20
 We address the four requirements separately.
 
 
 21
 (a) Was Appellant's Truck an Insured Vehicle?
 
 
 22
 In holding § 28-1170(B)(2) inapplicable, the district court ruled that Appellant's truck was not an "insured vehicle." Clearly, the New Hampshire Policy covered "any autos," including "nonowned autos" such as Appellant's truck. Appellees do not dispute this fact. Accordingly, Appellant's truck was an insured vehicle, and the district court erred in finding otherwise.
 
 
 23
 (b) Was Appellant a "Permissive User?"
 
 
 24
 The district court did not address this issue, but Appellant's contention that he had permission of CTI to use his truck while on the business trip in question is undisputed. Therefore, we find that Appellant was a "permissive user" of the truck.
 
 
 25
 (c) Was the New Hampshire Policy an "Owner's" Policy?
 
 
 26
 The district court determined that the New Hampshire Policy was an "operator's" policy, and therefore, not subject to § 1170(B). The court ruled that "the New Hampshire Policy does not limit coverage to a specifically defined automobile or automobiles," but rather, "provides liability coverage for the named insureds arising from the operation of "any autos" including (1) owned autos; (2) borrowed autos; (3) hired autos; and (4) 'non-owned' autos." Therefore, the court found that the policy was designed to protect the named insureds from liability arising from the operation of all vehicles potentially used in their business. The court concluded that the New Hampshire Policy was clearly an "operator's" policy, and not an "owner's" policy, which "insures the owner of a specified vehicle or vehicles against liability arising out of the use of the specified vehicle." Gilpin v. Northwestern Security Insurance Company, 447 F.2d 1347, 1349 (9th Cir.1971). We disagree with the district court's ruling.
 
 
 27
 Under Arizona law, "operator's" policies refer to those policies, and only to those policies, which do nothing but protect the named insured from liability arising from operating a vehicle which he does not own. Dairyland Insurance Co. v. Richards, 108 Ariz. 89, 90, 492 P.2d 1196, 1197 (1972) ("[a] named operator's policy insures the driver only when he is operating a vehicle which he does not own"). In Connoly v. Great Basin Insurance Co., 6 Ariz.App. 280, 431 P.2d 921 (1967), the Arizona Supreme Court explained that:
 
 
 28
 "Operator's policies are clearly distinguishable from the more common type of liability policies wherein coverage exists as to the operation of a certain vehicle but is extended to include non-owned vehicles under particular circumstances. In the latter type of policy the insured vehicle is described in the policy, while in the former, the insured normally represents that he does not own a vehicle.
 
 
 29
 88 A.L.R.2d 995, 996-98.
 
 
 30
 In Gilpin, the Arizona Supreme Court further explained the distinction between owner's and operator's policies as follow:
 
 
 31
 Motor vehicle liability policies issuable in Arizona under A.R.S. § 28-1170, ... fall into two general categories: an "owner's policy" and an "operator's policy." ... In utmost brevity, an owner's policy insures the owner of a specified vehicle or vehicles against liability arising out of their use, while an operator's policy insures the person in the act of operating.
 
 
 32
 477 F.2d at 1349, ( quoting, In Reserve Ins. Co. v. Staats, 9 Ariz.App. 410, 411, 453 P.2d 239, 240 (1969)). Appellant argues that like Gilpin, the fact that the New Hampshire Policy also included coverage for "non-owned autos" does not convert it into an "operator's policy." He also claims that because CTI owned some of the insured vehicles, the New Hampshire Policy cannot be an "operator's policy." We agree.
 
 
 33
 The New Hampshire Policy included coverage for vehicles owned by the named insureds, and was therefore an "owner's" policy. Additionally, the fact that the policy included coverage for "non-owned autos" does not convert what is otherwise an "owner's policy" into an "operator's policy." Therefore, we hold that the New Hampshire Policy was an "owner's policy," and that all of the requirements of § 1170(B)(2) have been met.
 
 
 34
 (d) Is the New Hampshire Policy Excluded Under § 28-1172(B)?
 
 
 35
 Next, we address the applicability of A.R.S. § 28-1172(B), which provides that:
 
 
 36
 [A.R.S. § 28-1170] shall not be held to apply to or affect policies insuring solely the insured named in the policy against liability resulting from the maintenance or use by persons in the insured's employ or on his behalf of motor vehicles not owned by the insured.
 
 
 37
 (emphasis added). The district court ruled that "since the nonowned auto coverage is limited to the named insureds for liability arising from the use of automobiles on behalf of the named insureds, the New Hampshire Policy falls within this exclusion. We disagree.
 
 
 38
 In Travelers Insurance Co. v. McElroy, 359 F.2d 529 (9th Cir.1966), we held that § 28-1172(B) does not apply to policies which are written to protect the named insured from other liability in addition to that arising solely from the use of non-owned vehicles. We explained:
 
 
 39
 the policy issued ... did not insure [the named insured] "solely" against liability arising from the use of non-owned vehicles. Coverage ... extended to owned, hired, and non-owned vehicles; and the definition of the "insured" contained in the policy includes, with some exceptions, those using the vehicle with the permission of [the named insured]. It was a comprehensive automobile liability policy which did not restrict coverage solely to [the named insured] and non-owned automobiles.
 
 
 40
 Travelers, 359 F.2d at 533.
 
 
 41
 The decision in Travelers was confirmed by the Arizona Supreme Court in St. Paul Fire & Marine Ins. Co. v. Gilmore, 168 Ariz. 159, 812 P.2d 977 (1991). In Gilmore, the Arizona Supreme Court explained that:
 
 
 42
 [A.R.S. § 28-1172(B) ] specifically exempts an operator's policy purchased by an employer to protect itself from liability for an employee's use of vehicles not owned by the employer.
 
 
 43
 168 Ariz. at 166, 812 P.2d at 984, n. 9. The policy at issue here defines "insured" to include (1) the named insured, and (2) "Anyone else while using with your [the named insured's] permission a covered 'auto' you own, hire or borrow...." Section II.A.1 (Excerpts of Record at 232). By its terms, the policy extends liability coverage to those persons using covered vehicles with the permission of the named insured, and it covers automobiles owned by the named insured. Thus, as in Travelers, the policy is not exempt because it does not restrict its coverage solely to the named insured and to non-owned vehicles. We therefore hold that § 28-1172(B) does not exempt the policy from the requirements of § 28-1170(B).
 
 III.
 
 44
 In conclusion, we find that all of the requirements of A.R.S. § 28-1170(B)(2) have been met, and that A.R.S. § 28-1172(B) does not exempt the New Hampshire Policy from the requirements of the Act. Accordingly, we hold that Appellant is an "omnibus insured" under the New Hampshire Policy. We REVERSE and REMAND to the district court for further proceedings consistent with this memorandum.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant filed motions to (1) alter and amend the judgment pursuant to Fed.R.Civ.P. 59(e); (2) amend the findings of fact and conclusions of law in the Judgment and Order pursuant to Fed.R.Civ.P. 59(b); and (3) obtain relief from the Judgment and Order due to their being erroneous