433 P.2d 963

**DAIRYLAND MUTUAL INSURANCE COM-PANY, Appellant and Cross-Appellee,**

v.

**James ANDERSEN, O. K. Meat Packing Com-pany, Inc., an Arizona corporation, and Great Basin Insurance Company, Appellees and Cross-Appellants.**

**No. 8519.**

Supreme Court of Arizona,
In Banc.

Nov. 24, 1967.

Rehearing Denied Dec. 19, 1967.

516

Cavness, DeRose, Senner & Foster, Phoenix, for appellant and cross-appellee.

Minne & Sorenson, Phoenix, for appellee and cross-appellant James Andersen.

Moore & Moore, Phoenix, for appellee and cross-appellant O. K. Meat Packing Company, Inc.

Stanley Z. Goodfarb, Phoenix, for appellee and cross-appellant Great Basin Ins. Co.

STRUCKMEYER, Justice.

Edward and Ruth Samuelson recovered a $7,500 judgment against James Andersen for their personal injuries arising out of an automobile accident. Thereafter, they caused garnishments to be issued against the Dairyland Mutual Insurance Company and the Great Basin Insurance Company. From the judgment on garnishment, this appeal has been prosecuted.

At the time of the accident, Andersen was driving a Lincoln automobile owned by the O. K. Meat Packing Company, a corporation. The O. K. Meat Packing Company had a comprehensive general liability policy issued by the Great Basin Insurance Company covering its vehicles. Andersen had a policy of insurance issued by the Dairyland Mutual Insurance Company which contained a "non-ownership" clause extending coverage to other vehicles driven by him. After tender of issue in garnishment, the superior court entered judgment against Great Basin, holding, among other things, that it was primarily obligated to defend and pay any judgment arising out of the accident.

The Great Basin policy has an "other insurance" clause [1] apportioning the loss where there is other valid and collectible insurance. The Dairyland policy has a similar clause in identical language but with the added proviso that, where the insured is using a non-owned vehicle, its insurance is excess over any other available insurance.[2] The appeal focuses on which company is obligated to pay the loss under the terms of the respective policies.

It may be first observed that the problem here is not unique. Cases having a like or somewhat analogous problem have arisen in many jurisdictions in this country. See 8 Appleman, Insurance Law and Practice § 4914, and annotation 76 A.L.R.2d 502. In light of the host of words which have been written on the subject, we express doubt as to whether anything further could be added which would substantially enlighten the bench or bar. We are,

---

1. "14. Other insurance: If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; * * *."

2. "* * * provided, however, the insurance with respect to * * * other automobiles under Insuring Agreement V [non-ownership clause] shall be excess insurance over any other valid and collectible insurance available to the Insured, either as an Insured under a policy applicable with respect to said automobiles or otherwise."

therefore, satisfied to point out what we believe to be the obvious, that the dispute is amenable to the settled and usual rules for the construction of contracts of insurance.

"In the absence of a statutory provision which will be read into each policy issued thereunder and cannot be contracted away by either party, United States Fidelity and Guaranty Company v. Hirsch, 94 Ariz. 331, 385 P.2d 211 (1963), the principles to be applied in construing an insurance policy have been stated by this Court in a series of decisions and may be summarized as follows: The cardinal principle pertaining to the construction and interpretation of insurance contracts is that the intention of the parties should control. An insurance policy is a contract, and in an action based thereon the terms of the policy must govern. * * * [W]here the provisions of the contract are plain and unambiguous upon their face, they must be applied as written, and the court will not pervert or do violence to the language used, or expand it beyond its plain and ordinary meaning or add something to the contract which the parties have not put there. [Citation of cases.]" D.M.A.F.B. Federal Credit Union v. Employers Mut. Liability Ins. Co. of Wis., 96 Ariz. 399, 396 P.2d 20.

■■ The two policies, insofar as their provisions control the disposition of this case, are unambiguous. They neither conflict nor are they inconsistent. Great Basin's policy provides that it will pay a proportion of the loss where there is other valid and collectible insurance. Dairyland's policy similarly provides that it will pay a proportion of the loss where there is other valid and collectible insurance *but* only if the insured owns the vehicle—that, as to nonowned vehicles, its insurance is excess to any other insurance. The "other insurance" clauses, being plain and unambiguous, must be applied as written. Palpably, Dairyland intended to sell less coverage than Great Basin. By the express words of Dairyland's policy, it had no liability until the insurance afforded by the Great Basin policy was exhausted. Continental Casualty Co. v. Zurich Insurance Co., 57 Cal.2d 27, 17 Cal.Rptr. 12, 366 P.2d 455; Burcham v. Farmers Insurance Exchange, 255 Iowa 69, 121 N.W.2d 500; O'Brien v. Traders and General Ins. Co., La.App., 136 So.2d 852; LeFelt v. Nasarow, 71 N.J. Super. 538, 177 A.2d 315; Motorist Mutual Ins. Co. v. Lumberman's Mutual Ins. Co., 1 Ohio St.2d 105, 205 N.E.2d 67; Safeco Insurance Co. of Am. v. Pacific Indemnity Co., 66 Wash.2d 38, 401 P.2d 205.

■ Great Basin points to a written endorsement to its policy which provides that its insurance does "not apply with respect to any claim arising from accidents which occur while any automobile is being operated by" Andersen. From this, Great Basin concludes that it has specifically excluded coverage of any accident occurring while Andersen was driving the Lincoln automobile and, therefore, there is no liability under its policy. Dairyland replies that Great Basin's exclusion of Andersen is illegal and void under our holding in Jenkins v. Mayflower, 93 Ariz. 287, 380 P.2d 145, and this is correct. In Mayflower, we held that the statutory omnibus clause is a part of every motor vehicle liability policy. Great Basin asks us to overrule that case. We were asked to do so in the recent case of Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98, and we refused. For the reasons stated there, we decline to consider the Mayflower holding further.

■ Great Basin argues that even though we do not overrule Mayflower we should not apply it to this case because (a) Mayflower was a case where a whole class was excluded (all members of the armed forces); and (b) in this case the Dairyland policy is in existence and the public is thus protected against Andersen being uninsured. We reject these arguments. It is neither desirable nor advisable to engraft exceptions upon the statutory pronouncement now so firmly recognized as the public policy of this jurisdiction.

The rider excluding Andersen, being in derogation of the omnibus clause, is void.

■ Great Basin argues from a provision of its policy, Section 9 of Conditions,[3] that, because Andersen must reimburse Great Basin, it is not indebted to him; that, if Great Basin is not indebted to him, the garnishment against Great Basin must fail. We reject such a tenuous argument as obviously contrary to the public policy of this state. The purpose of certification as proof of financial responsibility for the future, under A.R.S. § 28–1168 of the Arizona Safety Responsibility Act, is to supply financial responsibility against which a person damaged or injured by the insured's act may have recourse. To hold with Great Basin would be to completely destroy the purpose of certifying proof of financial responsibility.

■ Andersen argues that because he must reimburse Great Basin he, in effect, has no coverage with that company and thus there is no other valid and collectible insurance, and hence Dairyland is liable for the judgment. Dairyland disposes of this contention by arguing that Andersen's obligation to reimburse Great Basin is a contractual liability, and not a liability covered by the Dairyland policy. We agree with Dairyland. Its liability is for Andersen's negligent acts and is imposed by law.

The judgment of the court below is reversed with directions to enter judgment on garnishment against the Great Basin Insurance Company in favor of Edward and Ruth Samuelson in the amount of $7,500, together with interest and costs, and a further judgment of attorneys fees in favor of Minne & Sorenson, together with interest on the amount of fees as stipulated, and with further directions to quash the garnishment against the Dairyland Mutual Insurance Company since garnishment will not lie until the judgment against Great Basin is shown to be uncollectible. It is further ordered that, if the trial court determines that Great Basin's policy was certified as proof of financial responsibility, an appropriate judgment shall be entered in favor of Great Basin against Andersen pursuant to the reimbursement clause of Section 9 of the Conditions.

BERNSTEIN, C. J., McFARLAND, V. C. J., and UDALL and LOCKWOOD, JJ., concur.

3. "9. Financial Responsibility Laws—Coverages A and C: When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use during the policy period of any automobile insured hereunder, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."