503 P.2d 798

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**READ MULLAN MOTOR CO., an Arizona corporation, and Russell Lee Nelson, Appellees.**

**No. 10759.**

Supreme Court of Arizona,
In Banc.

Nov. 27, 1972.

**578**

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph Hunsaker, Phoenix, for appellant.

Snell & Wilmer by John J. Bouma and Edwin F. Hendricks, Phoenix, for appellees.

HAYS, Chief Justice.

Rosalie Young took her car to Read Mullan Motor Company for repairs. She carried liability insurance with State Farm Mutual Automobile Insurance Company. Her policy contained a clause excluding coverage while the automobile was being driven by a person "employed or engaged in an automobile business." Read Mullan's liability policy with Hartford Insurance Company insured Read Mullan and its employees, but contained a clause making its coverage on non-owned vehicles, excess over and above any valid and collectible insurance on such cars.

While the car was being road-tested by Russell Nelson, an employee of Read Mullan, one Carmen Veach was injured by Nelson's negligence. Hartford notified State Farm that the latter was the carrier primarily liable, because of Hartford's excess clause. State Farm answered that it was not liable at all because of its exclusion of cars being driven by employees of a garage business. Hartford replied that under the doctrine of Jenkins v. Mayflower, 93 Ariz. 287, 380 P.2d 145, State Farm's exclusion was completely void, so that Hartford's excess clause relieved it of all liability. Hartford further advised State Farm that it would undertake the defense of Miss Veach's lawsuit against Nelson, settle it without notice as it saw fit, and look to State Farm for reimbursement.

Shortly thereafter, Hartford settled the case by stipulation which provided that (1) Miss Veach would receive a judgment against Nelson for $10,000, and (2) the judgment would not be collectible out of Nelson's personal assets.

At this point, State Farm decided to pay the judgment, and did so. It then brought this action against Nelson to get its $10,000 back. The trial court rendered summary judgment against State Farm, and in favor of Nelson. The former has appealed.

Arizona has adopted the Uniform Motor Vehicle Safety Responsibility Act. A.R.S. § 28–1101 et seq. Under this law, motorists may drive their cars with no liability insurance, until they have an accident. After an accident for which a driver has no liability insurance, he is no longer permitted to drive until he obtains a liability insurance policy which the insurance carrier *certifies* to the motor vehicle division covers the automobile involved. For convenience we shall refer to this as a "certified policy."

State Farm argues as follows: Its policy excluded Mrs. Young's car while it was being driven by an employee of an automobile business. *That exclusion was invalidated by the Arizona Financial Responsibility Act.* Because of the invalidation of the policy exclusion, State Farm was forced to pay the judgment against its omnibus insured, Nelson. Inasmuch as it was forced to pay *"solely by force of this Act"*, it comes squarely within § 28–1170, subsec. H of that Act, which reads as follows:

> "A motor vehicle liability policy may provide that the insured shall reimburse the insurance carrier for any payment the insurance carrier would not have been obligated to make under the terms of the policy except for the provisions of this chapter."

State Farm has taken advantage of the above-quoted statute by providing in its policy:

> *"When certified* as proof of future financial responsibility under any motor vehicle financial responsibility law *and while such proof is required* during the policy period, this policy shall comply

with such law if applicable to the extent of the coverage and is required thereby; but not in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company under which it would not have been obligated to make under the terms of this policy *except for the agreement contained in this paragraph.*" (Emphasis added).

Therefore, concludes State Farm, it is entitled to compel Nelson to reimburse it for money which it would not have had to pay, were it not for the Arizona Financial Responsibility Act.

In our opinion, State Farm's line of reasoning is fallacious and leads to an erroneous conclusion.

In the case of Dairyland Mut. Ins. Co. v. Andersen, 102 Ariz. 515, 433 P.2d 963, Andersen was driving a car insured by Great Basin Insurance Company, which excluded coverage while Andersen was at the wheel. We invalidated that exclusion by applying *Mayflower, supra.* This made Great Basin the primary insurer, and that company demanded that the Court's decision include a judgment against Andersen by virtue of a policy provision similar to the one now before us, and authorized by A.R.S. § 28–1170, subsec. H. We examined the statute and the policy, and concluded that *reimbursement could be had only if the Great Basin policy had been certified prior to the accident.*

The trial court in the instant case followed *Dairyland, supra,* and refused to allow State Farm to recover from its insured, Nelson. It could have made no other ruling. State Farm argues that our ruling in Great Basin was mere dictum. However, State Farm was not a party to that case and is mistaken. Our ruling was an integral part of the case in the posture in which that case reached us.

State Farm also argues that if our ruling was not dictum and was properly interpreted by the trial court in the instant case, then we should now overrule that part of the *Dairyland* decision. We are quite satisfied with *Dairyland* and decline the suggestion.

State Farm next argues that if the trial court's interpretation of *Dairyland, supra,* was correct, and if we do not choose to overrule it, our ruling must fall, because it is a taking of property without due process of law and a deprivation of the equal protection of the laws under both the state and federal constitutions. We see no constitutional infirmity in holding that issuers of certified policies may provide for reimbursement, while issuers of non-certified policies need not. This does not constitute arbitrary classification, nor is it, as their brief alleges, "shocking to the universal sense of justice."

A second important reason why State Farm's claim to reimbursement must be denied is that A.R.S. § 28–1170, subsec. H is not self-executing. It provides that an insurance company, under the proper conditions, *may* provide in the policy for its own reimbursement. State Farm has so provided, but has conditioned its reimbursement upon its policy's being "certified as proof of future financial responsibility." *Therefore, it has itself placed in its provision for reimbursement, a condition which admittedly it has not met!* It attempts to rebut this argument by arguing that its provision is in two sentences, which do not refer to each other. Such, however, is not the fact. The provisions have been set out, *supra,* and reimbursement is provided where payment of a claim would not have been made "except for the agreement contained in this paragraph."

The judgment of the Superior Court is affirmed.

LOCKWOOD and HOLOHAN, JJ., concur.

CAMERON, Vice Chief Justice (specially concurring):

I concur in the result.

Note: Justice STRUCKMEYER did not participate in the determination of this matter.