MEMORANDUM DECISION
OGG, Judge.
This appeal concerns the applicability of A.R.S. § 28-324 to the facts of this case. We hold that the statute renders Agency Rent-A-Car, Inc. (Agency) primarily responsible for obtaining and maintaining automobile insurance on vehicles rented to the general public and, accordingly, affirm the trial court’s granting of summary judgment in favor of appellees, State Farm Mutual Automobile Insurance Company (State Farm) and Kent Chatterton, its insured.
We begin by reviewing the facts and trial court proceedings giving rise to this appeal. On September 5, 1979, Mr. Chatterton signed an agreement with Agency to rent one of its cars for a one-week period. Mr. Chatterton was renting the car as a temporary substitute vehicle. The agreement provided that insurance coverage for liability and damage to the property of others was to be covered by the customer’s existing insurance policy, under a provision covering temporary substitute vehicles. The agreement further provided:
Lessor relying on said warranty and representation is not providing Liability-Property Damage automobile insurance or medical expense coverage to the Customer or any other person using or riding in said Vehicle.
The agreement also included a provision purporting to release Agency from any claims arising out of operation or possession of the rental vehicle during the rental period.
On the second day of the rental period, Mr. Chatterton lost control of the car and struck a parked vehicle. State Farm paid $1,968.22 to the owner of the damaged vehicle. When Agency refused to reimburse, State Farm filed a complaint seeking declaratory relief against Agency. Agency subsequently filed an answer as well as a counterclaim for declaratory relief against State Farm and a third party complaint against Chatterton. Agency and State Farm filed concurrent motions for summary judgment. The trial court ruled in favor of State Farm, granting its motion for summary judgment while denying that of Agency. Additionally, the court held that, since Agency was primarily responsible for providing insurance under A.R.S. § 28-324, it had no claim for indemnification from Chatterton.
A.R.S. § 28-324[1] clearly requires that persons who are in the business of *203 renting automobiles to others must maintain insurance coverage for the liability of such renter-drivers. National Union Fire Insurance Company of Pittsburgh v. Rick, 134 Ariz. 122, 654 P.2d 56 (App.1982). Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to interpret the statute and courts must follow the meaning of the statute as written. Id.) O’Malley Lumber Company v. Riley, 126 Ariz. 167, 613 P.2d 629 (App.1980). The statute provides that an owner is to procure liability insurance for the stated amounts; additionally, the statute provides that an owner may alternatively furnish satisfactory proof of his ability to respond in damages. Agency makes the argument that as a self-insurer, it should not be held to the same duty of insuring renter-drivers as is an insurance carrier retained by an owner under A.R.S. § 28-324. We disagree. It is a cardinal rule of statutory construction that we must give effect to the legislature’s intent in interpreting a statute. State v. Fendler, 127 Ariz. 464, 622 P.2d 23 (App.1980), cert. denied 452 U.S. 961, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981).
It is clear that in enacting A.R.S. § 28-324, the legislature sought to protect the public from possible economic hardship that might result from injury, death, or damage to property caused by persons driving rented vehicles who may not have the financial assets to compensate for such damages. Lowry v. Tucson Diesel, Inc., 17 Ariz.App. 348, 498 P.2d 160 (1972). By providing owners with an option of filing satisfactory proof of ability to respond in damages, the legislature clearly did not intend they avoid primary liability by choosing this option. We find that A.R.S. § 28-324 makes no distinction between owners procuring liability insurance and those opting for self-insurance.
Agency claims that the case of Lowry v. Tucson Diesel, Inc., supra, supports its position. We find the facts and holding in Lowry clearly distinguishable from the case at bar. In Lowry, the owner-lessor agreed with the renter-lessee that the renter would be responsible for purchasing and maintaining liability and physical damage insurance on the leased vehicles. The agreements further provided that “all insurance policies shall name Lessor, its Successors and/or Assigns as additional insured.” 17 Ariz.App. at 349, 498 P.2d at 161. The lessee obtained the required insurance and transmitted to lessor the certificates of insurance which in turn lessor transmitted to the Arizona Highway Department. Despite the fact that the owner-lessor was a named insured under the policy, the Highway Department took the position that Tucson Diesel (lessor) had failed to comply with the provisions of A.R.S. § 28-324, which purportedly required that the owner-lessor must purchase and contract for the necessary insurance coverage. Division Two of this court concluded that the statute had been satisfied:
So long as proof is provided showing that the vehicle is covered and that the owner is a named insured, the purpose of the statute is satisfied and the public is protected. To require the owner himself to contract for the insurance and pay the premium, in order to satisfy administrative convenience, goes beyond the dictates of the statute, and we will not read such a requirement into it. The policy of insurance clearly protects the public in every way so long as the owner is a named insured____ (Emphasis added)
17 Ariz.App. at 350, 498 P.2d at 162.
In this case, Agency has attempted to avoid the requirements of A.R.S. § 28-324, purporting to pass off primary liability to Chatterton’s insurance carrier. However, it is clear that Agency is not a “named insured” under Chatterton’s State Farm policy. Moreover, the State Farm policy clearly and unambiguously provides coverage for “excess” above the owner’s primary liability. Similar excess provisions have been approved of in the past. See Universal Underwriter’s Insurance Company v. Dairyland Mutual Insurance Company, 102 Ariz. 518, 433 P.2d 966 (1967); Dairyland Mutual Insurance Company v. Andersen, 102 Ariz. 515, 433 *204 P.2d 963 (1967); Universal Underwriter’s Insurance Company v. Allstate Insurance Company, 14 Ariz.App. 304, 483 P.2d 45 (1971).
We therefore conclude that, pursuant to A.R.S. § 28-324, Agency had primary responsibility to the public for Chatterton’s operation of their vehicle. State Farm’s obligation was limited to any “excess” above the statutorily required minimum coverage. There being no question that the amount paid by State Farm was within the required coverage, State Farm is entitled to reimbursement for the entire amount paid out, $1,968.22.
Based upon our conclusion that Agency was primarily responsible to the public for Chatterton’s operation of the rented vehicle, we agree with the trial court’s finding that Agency has no claim of indemnification from Chatterton. Agency could have elected to pass on the cost of insuring its rented vehicles to its customers in the form of increased rental rates or as an additional insurance charge; however, having elected to attempt to contract away its statutory obligation, it must now bear the loss.
Judgment affirmed.
CONTRERAS, P.J., and HAIRE, J., concur.

. A.R.S. § 28-324(A) reads as follows:
A No owner engaged in the business of renting, or who intends to rent, a motor vehicle without a driver, shall be permitted to register the motor vehicle until he has procured public liability insurance with an insurance company approved by the insurance department of this state insuring the renter thereof against liability arising from his negligence in the operation of the rented vehicle in an amount of not less than fifteen thousand dollars for any one person injured or killed and thirty thousand dollars for any number more than one injured or killed in any one accident, and against the liability of the renter for property damage in the amount of not less than ten thousand dollars for any one accident, or until the owner has furnished the division satisfactory proof of his ability to respond in damages in the amount of fifteen thousand dollars when but one motor vehicle is registered, and ten thousand dollars for each additional motor vehicle. Proof of ability to respond in damages in the amount of one hundred thousand dollars shall be sufficient for any number of motor vehicles. The policy of insurance required by this subsection shall cover any liability of the renter to any passenger in the rented motor vehicle unless the owner gives the renter a written notice that the policy does not cover such liability. The division shall cancel the registration of a motor vehicle rented without a driver when the owner has failed to comply with this section.