4 P.3d 991 (2000)
197 Ariz. 448
ALLSTATE INSURANCE COMPANY, a foreign corporation, Plaintiff, Counterdefendant-Appellant,
v.
GREAT AMERICAN INSURANCE COMPANIES, a foreign corporation; American Spirit Insurance Company, a foreign corporation, Defendants, Counterclaimants-Appellees.
No. 1 CA-CV 99-0374.
Court of Appeals of Arizona, Division 1, Department C.
March 7, 2000.
As Amended June 20, 2000.
Ridenour, Swenson, Cleere & Evans by Harold H. Swenson and Jeffrey A. Bernick, Phoenix, for Plaintiff, Counterdefendant-Appellant.
Jones, Skelton & Hochuli, P.L.C. by James P. Curran and F. Richard Cannata, Jr., Phoenix, for Defendants, Counterclaimants-Appellees.

OPINION
THOMPSON, Presiding Judge.
¶ 1 Allstate Insurance Co. (Allstate) appeals from a judgment declaring that liability coverage which Allstate provided to the insured for a motorboat accident was primary, while coverage that Great American Insurance Companies (Great American) provided to the insured for the same accident was excess. We hold that the other-insurance clauses in Allstate's and Great American's policies were reconcilable, not contradictory, and that prevailing Arizona case law accordingly does not require that they be disregarded in favor of allocating proportionate shares of liability between the two insurers.

*992 FACTUAL AND PROCEDURAL HISTORY
¶ 2 The facts were not disputed below. At all times material to the litigation, Delbert Leafty was covered under a Great American homeowner's insurance policy with liability limits of $300,000. During the relevant period Greg Seal was covered under an Allstate boatowner's liability policy with per-person liability limits of $100,000. Seal's coverage under his Allstate policy extended to permissive operators of the covered motorboat.
¶ 3 On August 19, 1995, Seal permitted Leafty to operate his motorboat. Leland Burgess rode along as Leafty's passenger. While Leafty was in control, an accident occurred in which Burgess was injured. Burgess brought a negligence action against Leafty. Allstate provided and paid defense counsel for Leafty. Burgess's claim was ultimately settled for Allstate's policy limit of $100,000.
¶ 4 Allstate and Great American each funded half the settlement amount under an agreement that permitted them to seek declaratory relief on the correct allocation of liability under their respective policies. Allstate sought allocation. On cross-motions for summary judgment, the trial court held that Allstate's coverage was primary and Allstate thus bore liability for the entire settlement payment. Allstate timely appealed from judgment entered in accordance with the court's ruling.

DISCUSSION
¶ 5 The other-insurance clause of Allstate's boatowner's policy provided:
If both this insurance and other insurance apply to a loss, we will pay our share. Our share will be the proportionate amount that the limits of this insurance bears to the total limits of all applicable insurance.
The other-insurance clause in Great American's homeowner's policy provided:
This insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.
¶ 6 Allstate argues that these two other-insurance provisions conflict, and that under Fremont Indemnity Co. v. New England Reinsurance Co., 168 Ariz. 476, 815 P.2d 403 (1991), both must be disregarded and the loss allocated proportionately between the two insurers.
¶ 7 Allstate is mistaken. The other-insurance clauses do not conflict. This is not a situation like that in Fremont. The issue there, as it ultimately is here, was "whether the terms and conditions of both policies invoke the rules governing conflicting insurance clauses...." Id. at 477, 815 P.2d at 404. In Fremont one insurer's policy provided:
[T]he insurance hereunder shall apply only as excess insurance over any other valid and collectible insurance and shall then apply only in the amount by which the applicable limit of liability of this Policy exceeds the sum of the applicable limit of liability of all such other insurance. Id. at 479, 815 P.2d at 406. The other insurer's policy provided:
This policy shall ... be in excess of any other valid and collectible insurance available to the Insured....
Id. at 480, 815 P.2d at 407. The court held that "a combined escape-excess clause and a true excess clause may not automatically cancel themselves out," but "such clauses are sufficiently repugnant to require proration." Id. This was so because:
When pitted against each other, the policies promote a circuitous debate in which each insurer, claiming that its policy must be read first, refuses to pay at all.
....
Our decision ... comports with the "growing weight of authority" construing escape devices as mutually repugnant to general excess clauses.
Id. at 480-81, 815 P.2d at 407-08 (citation and footnotes omitted). Accord State Farm Mut. Auto. Ins. Co. v. Bogart, 149 Ariz. 145, 149-50, 717 P.2d 449, 453-54 (1986) (escape clause and excess clause were mutually repugnant, "chas[ing] each other through infinity," and loss had to be prorated between insurers).
*993 ¶ 8 Unlike those at issue in Fremont and Bogart, Allstate's and Great American's other-insurance clauses can be applied at the same time according to their terms. They do not contradict one another. They are similar to the clauses given effect in Dairyland Mutual Insurance Co. v. Andersen, 102 Ariz. 515, 433 P.2d 963 (1967). In that case, one insurer's clause, like Allstate's, provided that the insurer would pay its proportionate share of the loss where other valid and collectible insurance applied. See id. at 516, 433 P.2d at 964. The second insurer's clause, like Great American's clause in this case, provided that coverage for a non-owned vehicle was excess to any other insurance. See id. The court held that the two clauses could and would be applied as written. See id. at 517, 433 P.2d at 965.
¶ 9 Allstate argues that Andersen and Universal Underwriters Ins. v. Dairyland Mut. Ins. Co., 102 Ariz. 518, 520, 433 P.2d 966, 968 (1967) are distinguishable because the contest in each was between an excess clause and a simple pro-rata clause. In contrast, says Allstate, its own other-insurance clause is a "hybrid pro-rata/excess" clause, because in addition to express pro-rata language it contained these words: "[T]his insurance will be excess over any other insurance that covers newly acquired water craft, non-owner water craft or temporary substitute water craft." We cannot agree that Andersen and Universal are distinguishable on this ground. Nothing in the record suggests that Seal's motorboat was newly acquired, or not owned by him, or a temporary substitute for another motorboat. Allstate has never contended that the "excess" component of its other-insurance clause actually applied on the facts of this case. As far as this controversy is concerned the other-insurance clauses at issue are legally indistinguishable from those on which Andersen and Universal were decided.
¶ 10 Allstate contends that Fremont and Bogart have superseded Andersen by abandoning Andersen's reliance on interpreting other-insurance clauses according to the contracting parties' intentions. To be sure, Bogart stated that in a contest between two liability insurers the intentions of the parties to the insurance contracts were irrelevant. See 149 Ariz. at 150-51, 717 P.2d at 454-55. That, however, does not alter the fact that in both Bogart and Fremont the supreme court mandated pro-rata sharing of liability strictly on the ground that the other-insurance clauses were hopelessly in conflict and could not be reconciled.
¶ 11 Allstate asserts that the same is so here. It elaborates:
Specifically, if Great American's approach adopted by the trial court is applied, the mere fortuity of the existence of "other insurance" clauses would cause a $75,000 change in Great American's favor.... By utilizing the Supreme Court's analytical approach in Fremont, it is abundantly clear that the "other insurance" clauses at issue are contradictory (because they lead to vastly different results depending on which is read first), and thus, are mutually repugnant. According to the analysis set forth by the Arizona Supreme Court in Fremont this loss should be pro-rated based upon the proportionate total aggregate limits of the respective parties.
¶ 12 Contrary to Allstate's implicit thesis, however, it seems quite clear that other-insurance clauses are not "mutually repugnant" merely because each would yield different coverage if the policy that contained the other did not exist. Allstate identifies no genuine contradiction or inconsistency between its own other-insurance clause and Great American's. Their terms are fully consistent with one another. Both can be applied in a rational, complementary way according to their terms on the facts of this case.
¶ 13 Great American's other-insurance clause makes coverage strictly excess if "other valid and collectible insurance" exists. Great American's coverage applies in that situation only if and to the extent the covered loss exceeds the limits of the other insurance. There is no dispute that Allstate's coverage was "other valid and collectible insurance" here.
¶ 14 Allstate's clause limits Allstate's coverage to a pro-rata share of the insured's loss if other insurance is "applicable." Because the loss in this case did not exhaust Allstate's *994 policy limits, Great American's excess coverage was not "applicable."
¶ 15 We agree with Great American's summary of the context in which the two other-insurance clauses apply here:
Allstate's other insurance clause ... is intended to provide primary coverage for a listed or owned watercraft while providing only secondary or excess coverage for any watercraft not owned by or listed by its insured, with the obvious expectation that the boat's owner would be separately, and primarily, insuring such watercraft. This is hardly an unreasonable expectation on the part of Allstate. Similarly, it is hardly unreasonable for Great American, in issuing a homeowners' policy of insurance, to provide only excess coverage for liability arising out of the use of a watercraft neither owned by its insured nor listed in the subject policy. Under the circumstances, it makes perfect sense, and is logical, to give effect to Great American's excess clause and to require Allstate to be primarily liable under the terms of its Boatowner policy of insurance.
The trial court correctly granted summary judgment for Great American.
¶ 16 Great American requests an award of attorneys' fees on appeal under Ariz.Rev.Stat. Ann. § 12-341.01(A). We grant the request. Great American may establish the amount of its award by complying with Rule 21(c), Arizona Rules of Civil Appellate Procedure.

CONCLUSION
¶ 17 For the foregoing reasons, we affirm the judgment of the trial court.
CONCURRING: JAMES B. SULT, Judge, and JAMES M. ACKERMAN, Judge.